

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **JAMES A. MAYS, III,** | ) | |
| | ) | **6:22-cv-08007-LSC** |
| **Petitioner,** | ) | **(6:19-cr-00219-LSC-SGC)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OF OPINION

### I.    Introduction

Before this Court is a motion by James Mays ("Mays") to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255 ("§ 2255") (Doc. 1.) The United States ("Government") opposes his motion. (Doc. 4.) May's § 2255 motion (doc. 1) is due to be denied and the present action dismissed with prejudice for the reasons stated below.

### II.    Background

### A.    Charges and Sentencing

On April 24, 2019, Mays was indicted as part of a health care fraud conspiracy involving Global Medical Equipment and Supplies, Inc., a durable medical

equipment company and pharmacy, where Mays worked. (*See* Cr. Doc. 1.)[1] For approximately two-and-a-half years, Mays' retained counsel represented him from the time the scheme came under investigation. (Cr. Doc. 220 at 2.) On January 31, 2021, Mays' counsel filed a motion to withdraw from representing Mays pursuant to Mays' request. (Cr. Doc. 209.) This request came just three weeks before the scheduled trial date, which had already been subject to multiple continuances. A hearing on the motion was held by video conference on February 3, 2021. (Cr. Doc. 421.) At the close of the hearing, the magistrate judge denied the motion to withdraw (cr. doc. 421 at 23), for reasons explained during the hearing and in a subsequent order (*see* Cr. Doc. 220).

In the order denying counsel withdrawal, the magistrate judge acknowledged that "[a] court may deny a motion to withdraw if granting the motion would 'interfere with the "fair, orderly, and effective administration of the courts."'" (Cr. Doc. 220 at 1 (internal citations omitted)). The magistrate judge recognized that "a defendant may not substitute counsel to delay court proceedings" and a "court has 'wide latitude' in balancing a defendant's right to choose his own counsel 'against the needs of fairness' and 'the demands of its calendar.'" (*Id.* at 2 (internal citations omitted)). The magistrate judge explained the reasons for denying the motion:

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Mays*, No. 6:19-cr-00219-LSC-SGC.

counsel "ha[d] served as defendant Mays' retained counsel for approximately two-and-a-half years"; "[t]he trial had been continued multiple times" and was set for "a date scheduled by the Court five months [prior]"; Mays had not identified substitute counsel; the voluminous discovery and complexities of the facts and law would result in a request for another continuance; and that it would be inefficient to sever Mays' case from that of his co-defendants and try him separately, which would sacrifice scarce judicial resources. (Cr. Doc. 220 at 2–3.) Further, there are over two dozen defendants in this case and most reached agreements with the government. (*Id.*) The sentencing hearings will not proceed until Mays and the other two remaining co-defendants are tried, and their motion to continue the upcoming trial was denied by this Court. (*Id.*)

On February 6, 2021, Mays entered into a plea agreement that involved pleading guilty to multiple charges (Count 1, 16–19, 22–25, 30–33, 101–103) in exchange for the Government dismissing the others (Count 64, 65, and 80–83). (Cr. Doc. 221 at 1–2.) The three remaining charges included conspiracy to commit health care fraud and mail fraud in violation of 18 U.S.C. § 1349 (Count 1); health care fraud in violation of 18 U.S.C. § 1347 (Counts 16-19, 22-25, 30-33); and spending the proceeds of health care fraud in violation of 18 U.S.C. § 1957 (Counts 101-103). (Cr. Doc. 221 at 2; Cr. Doc. 315 at 1.) Mays waived his right to appeal his conviction as part of his plea agreement, including a 28 U.S.C. § 2255 appeal, unless there was

(a) a sentence in excess of the statutory maximum, (b) a sentence in excess of the guideline sentencing range determined by the Court at the time the sentence is imposed, or (c) ineffective assistance of counsel. (Cr. Doc. 221 at 22.)

The pre-sentence investigation report ("PSR") determined Mays' guideline imprisonment range was 108 to 135 months and his supervised release recommendations were three years, and one to three years for each count, respectively. (Cr. Doc. 314 at 58–59.) The parties stipulated in the plea agreement to a term of imprisonment of 120 months custody and forfeiture of $4,100,000. (Cr. Doc. 221 at 19; Cr. Doc. 314 at 17, 59.) On April 28, 2021, Mays was sentenced to 102 months of imprisonment. (Cr. Doc. 315 at 1–2.) Upon release from imprisonment, Mays was ordered to be placed on supervised release for a term of thirty-six months. (Cr. Doc. 315 at 3.) Mays did not pursue an appeal. (Doc. 1 at 2.)

**B.     § 2255 Proceedings**

Mays filed this § 2255 motion on January 5, 2022.[2] (Doc. 1.) Mays asserts ineffective assistance of counsel and is seeking to vacate his plea of guilty and stand trial. (Doc. 1 at 13.) Specifically, as detailed above, Mays' basis for the motion is that he asked for a new lawyer weeks before trial in a motion to withdraw, the court refused his request for withdrawal, Mays was "stuck with the lawyer [he] did not

---

[2] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

trust," and the lawyer "spoke against [Mays'] interests [at the hearing on the motion to withdraw] by saying that [Mays] was stalling which [he] was not." (*Id*. at 4.)

## III.   Timeliness and Non-Successiveness of May's § 2255 Motion

Mays filed his § 2255 Motion on January 5, 2022, and his judgment of conviction became final on May 12, 2021. (Doc. 1) Thus, it is within the one-year statute of limitations articulated in 28 U.S.C. § 2255(f)(1). Additionally, Mays is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

## IV.   Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v.*

*United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the petitioner has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

## V.   Discussion

### A.   Procedural Default

Mays appears to contend that this Court should vacate his sentence because the magistrate judge denied his counsel's motion to withdraw. (Doc. 1 at 4.) To the extent Mays intended to raise this issue distinct from his ineffective assistance of counsel claim, Mays' claim fails as a matter of procedural default as detailed below.

Procedural default bars petitioners from bringing § 2255 claims on issues that they did not bring on direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234

(11th Cir. 2004). The procedural default rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Mays has procedurally defaulted on his § 2255 claim because he did not bring the issue on direct appeal. *See Lynn*, 365 F.3d at 1234. Mays' claimed violation can be evaluated on the merits only if he meets either of two procedural default exceptions. *See McKay v. United States*, 657 F.3d 1190, 1192 (11th Cir. 2011). These exceptions are:

> Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error…Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'

*Lynn*, 365 F.3d at 1234.

As to the first exception, these parts must be examined in order; no analysis of actual prejudice is necessary if a valid cause is never proven. *See Murray v. Carrier,* 477 U.S. 478 (1986). The first step, cause for failure to bring an appeal, can be established in a number of ways. Cause exists if the petitioner shows "some objective factor external to the defense prevented [Mays] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Mays'] own conduct." *Lynn*, 365 F.3d at 1235. The second step, a showing of actual prejudice, requires the petitioner to prove that "not merely that the errors at his trial

created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). But if a petitioner fails to establish cause for failure to raise the claim earlier, a court need not even consider whether the petitioner would suffer actual prejudice. *See Lynn*, 365 F.3d 1225.

Alternatively, a petitioner who cannot show cause is excused from procedural default if they are "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see Lynn*, 365 F.3d at 1234. The actual innocence exception is reserved for cases that are "truly extraordinary." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (internal citation omitted). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Id.*

Mays never filed a direct appeal. The ground he appears to allege in his § 2255 motion could have been addressed on appeal as there were no extenuating circumstances preventing the appeal of this issue. In his motion, Mays offers no reason for his claim to be excused from the procedural default rule, nor does he make any claim of actual innocence. Because Mays' motion fails to address either of these exceptions in any major capacity, his claim is procedurally defaulted. (*See* Doc. 1.)

## B.   Ineffective Assistance of Counsel

Mays alleges he was deprived of effective assistance of counsel because he was "stuck with the lawyer [he] did not trust and could not work with" after "[t]he

court refused to allow the withdrawal." (Doc. 1 at 4.)  Mays also alleges that his counsel "spoke against [Mays'] interests [at the hearing on the motion to withdraw] by saying that [Mays] was stalling which [he] was not." (*Id*.)

To prove ineffective assistance of counsel, a petitioner must prove that his counsel's performance was deficient and that the petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). Failure to satisfy either prong is fatal to the petitioner's claim. *Id.* at 697. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* at 687. Counsel's performance is to be "measured against an objective standard of reasonableness under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (cleaned up). A petitioner must identify specific acts or omissions which reveal the lack of reasonably effective assistance. *Strickland*, 466 U.S. at 687; *see also*, *e.g.*, *Lecroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner.") A petitioner must also demonstrate actual prejudice – that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would be different." *Strickland*, 466 U.S. at 694.

Further, "[c]onclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal citations omitted). "A petitioner is not entitled to an evidentiary hearing, however, 'when his

claims are merely "conclusory allegations unsupported by specifics."'" *Tejeda v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

### i.     Loss of Trust

The allegation that Mays lost trust in his counsel is not cognizable. Mays offers no suggestion or explanation as to why his attorney lost his trust and how such loss of trust would have changed the outcome of the proceeding. Therefore, it is a conclusory allegation and is due to be dismissed without an evidentiary hearing. *See Tejeda*, 941 F.2d at 1559.

Mays hired his counsel prior to the indictment and kept him on for at least two-and-a-half years. (Cr. Doc. 421 at 9.) Mays only said he wanted someone new when trial was less than three weeks away. (Cr. Doc. 421 at 5; *see* Cr. Doc. 209.) Based on the record and the timing of Mays' request, the magistrate judge found that Mays was "attempting to manipulate the judicial process" "at this late hour." (Cr. Doc. 421 at 20–22.) Mays' allegation regarding trust does not appear to imply anything about his attorney's performance. Thus, Mays has not identified acts or omissions of his counsel's performance that were not reasonably effective assistance based on Mays' loss of trust in his counsel.

Furthermore, "[a] defendant's general loss of confidence or trust in his counsel, standing alone, is not sufficient," and "[g]ood cause for substitution of counsel cannot be determined 'solely according to the subjective standard of what

the defendant perceives.'" *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) (quoting *McKee v. Harris*, 649 F.3d 927, 932 (2d Cir. 1981)). In addition, a disagreement over trial strategy is insufficient to demonstrate a complete lack of communication. *United States v. Rivera*, 348 F. App'x 461, 463 (11th Cir. 2009).[3] There is no total breakdown if the attorney and client are communicating in any fashion. *Id.*; *see, e.g.*, *Gadsden v. United States*, No. 2:17CV58-WKW-JTA, 2020 WL 2859130, at *3–4 (M.D. Ala. Jan. 31, 2020).

Even is Mays' allegation of a loss of trust was not dismissed as conclusory, counsel's performance was sufficient. As seen in the transcript of the motion to withdraw hearing, Mays stated that he and his counsel "were both on course and both in agreement that [they] would go to trial and win," up until "the past three weeks" when that "seemingly changed." (Cr. Doc. 421 at 16.) Concerning the recent plea agreement negotiations, Mays asserted that he and his counsel had "a differing of opinion that cannot be resolved." (*Id.*) Mays further described that he "felt like [his counsel] wanted [Mays] to be less than honest during the proffer, asking [Mays] to fall on the sword." (*Id.* at 17.) Mays also claimed that his counsel "belittle[d] [him] during [their] conversations." (Cr. Doc. 421 at 17.) May's counsel refuted Mays' statements, stating that he has "not belittled Mr. Mays" (*Id.* at 18); that he

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." U.S. Ct. of App. 11th Cir. Rule 36-2.

advocated for honesty in the context of the proffer (*Id*. at 18–19); that Mays'
comments at the hearing were a "gross mischaracterization of [counsel's]
involvement with Mr. Mays" (*Id*. at 19); and that they had "been working to reach a
plea for the past few months" (*Id*. at 20). Mays' loss of trust in retained counsel is
insufficient to prove counsel's performance was deficient, and Mays and his counsel
also continued to communicate despite disagreements over strategy.

### ii.    Best Interests

Mays also alleges his counsel undermined his interests during the hearing on
February 3, 2021. (Doc. 1 at 4.) While Mays requested a copy of the sealed hearing
transcript to "find proof that [his] lawyer at the hearing spoke against [his] interests
by saying that [Mays] was stalling which [he] was not" (Doc. 1 at 4), the claim is
conclusory just as the allegation above and is due to be dismissed. *See Tejeda*, 941
F.2d at 1559.

The transcript of the motion to withdraw hearing reveals that Mays' counsel
did not undermine Mays' interests during the hearing. (Cr. Doc. 421.) At the hearing,
May's counsel explained that he had "worked tirelessly" during the previous months
on plea negotiations, with Mays' authorization (*Id*. at 12); that Mays had received a
written plea agreement that was in his best interest to accept (*Id*. at 12–13); that the
parties had scheduled a weekend proffer to precede the signing of the plea
agreement, which had not been finalized (*Id*.); and that Mays "got cold feet the day

before" (*Id*. at 13). While Mays' counsel acknowledged he and Mays were "at odds," leading Mays to request new counsel, Mays' counsel emphasized that he "want[s] to do anything [he] can to help Mr. Mays." (*Id*.) Mays' counsel further stated that "despite communication issues, [he] felt that [they] had made a lot of ground in reaching and pursing Mr. Mays' best interest." (*Id*. at 19.) Mays' counsel did not undermine Mays' interests during the hearing, rather his comments demonstrate his continued commitment to representing Mays. Counsel's "cold feet" comment had no effect on Mays' conviction or sentence. In fact, after his counsel stated those words, the magistrate judge stated "[b]efore he even said the words 'cold feet' . . . that's the term that came to my mind." (*Id*. at 14.)

Mays' conclusory allegations do not demonstrate a breakdown in his relationship with his counsel that affected the integrity of the proceedings. Mays fails to establish either deficient performance by counsel or resulting prejudice. Therefore, Mays' claim of ineffective assistance of counsel is due to be dismissed.

## VI.   Conclusion

Mays' § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice for the preceding reasons.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue

a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Mays' claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on January 26, 2024.

L. Scott Coogler
United States District Judge

215708